**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CARMINE J. PUCCIARIELLO,
               Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,
               Agency.

DOCKET NUMBER
AT-1221-16-0718-W-1

DATE: June 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carmine J. Pucciariello</u>, Punta Gorda, Florida, pro se.

<u>William P. Vines</u>, Esquire, College Park, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction because he did not exhaust his administrative remedy with the Office of Special Counsel (OSC). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant failed to prove by preponderant evidence that he exhausted his remedies with the Office of Special Counsel (OSC), instead of that he failed to "nonfrivolously allege" that he satisfied the exhaustion requirement, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant, who was employed by the agency as an Aviation Safety Inspector, retired in 1999 as a part of a settlement agreement in an Equal Employment Opportunity Commission matter. *Pucciariello v. Department of Transportation*, MSPB Docket No. AT-1221-16-0718-W-1, Initial Appeal File (IAF), Tab 5, Subtabs 4c, 4d. Pursuant to the settlement agreement, the agency agreed to issue the appellant a Designated Airworthiness Representative (DAR) authorization,[2] which he could renew if he satisfied all regulatory requirements or

---

[2] Pursuant to authority delegated by the Federal Aviation Administration, a DAR issues certificates identifying aircraft as airworthy and conducts inspections, testing, and examinations necessary to issue such certificates. *Pucciariello v. United States*, 116 Fed. Cl. 390, 395-96 (2014); *see* 49 U.S.C. § 44702(d)(1) (2010); 14 C.F.R. § 183.33.

was otherwise qualified to hold the DAR. *Id.*, Subtab 4d. On January 25, 2012, the agency terminated the appellant's DAR authorization. *Id.*, Subtab 4a.

¶3   On or around June 26, 2015, the appellant filed an IRA appeal, in which he alleged retaliation for whistleblowing activity. *Pucciariello v. Department of Transportation*, MSPB Docket No. AT-1221-15-0646-W-1, Initial Appeal File (0646 IAF), Tab 8. The appellant withdrew the appeal during a telephonic conference call, and the administrative judge dismissed the appeal as withdrawn. *Id.* at 1-2. The administrative judge advised the appellant that in order to file another IRA appeal, he would need to await the issuance of a closure letter by OSC or the passage of 120 days from his filing with OSC. *Id.* at 2 n.2.

¶4   In August 2016, the appellant filed the instant IRA appeal asserting that the agency terminated his DAR authorization in reprisal for whistleblowing activity. IAF, Tab 1. He did not request a hearing. *Id.*, Subtab B at 1-a. The administrative judge issued an order on jurisdiction and proof requirements, IAF, Tab 3, but the appellant did not submit a response. The agency filed a motion to dismiss arguing, among other things, that the appellant failed to exhaust his administrative remedy with OSC. IAF, Tab 5, Subtab 1. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1, 3. In pertinent part, he found that the appellant failed to "nonfrivolously allege" that he exhausted his OSC remedy. ID at 3. He noted that he was dismissing the appeal without prejudice and, thus, the appellant could file a new IRA appeal on the same subject matter after he exhausted his OSC remedy. ID at 3 n.3.

¶5   The appellant has filed a petition for review claiming that he exhausted his administrative remedy with OSC. Petition for Review (PFR) File, Tab 1 at 1, 11. His petition also includes a motion to strike the agency's first set of interrogatories, request for production of documents, and request for admissions. *Id.* at 12. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).[3]

¶7 Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC, but appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion of their OSC remedies with evidence regarding their initial OSC complaint and other communications with OSC concerning their allegations. *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010). The appellant also must show either (a) OSC has notified him "that an investigation concerning [him] has been terminated" and "no more than 60 days have elapsed since notification was provided" to him, or (b) 120 days have elapsed since the appellant sought corrective action from OSC and he "has not been notified by

---

[3] The termination of the appellant's DAR authorization occurred before the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA). Pub. L. No. 112-199, § 202, 126 Stat. 1465, 1476. Even if we considered the WPEA amendments in our analysis of this matter, a different outcome would not be warranted. Moreover, we have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[OSC] that [it] shall seek corrective action on [his] behalf." 5 U.S.C. § 1214(a)(3); *Wells v. Department of Homeland Security*, 102 M.S.P.R. 36, ¶ 6 (2006).

¶8        First, the appellant must prove exhaustion of his remedies before OSC by preponderant evidence, not make a nonfrivolous allegation of exhaustion, as the administrative judge found in his initial decision. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 9 (2011). However, the administrative judge notified the appellant of the appropriate burden of proof in his order on jurisdiction and proof requirements, IAF, Tab 3 at 2, and referenced the appropriate standard in the initial decision, ID at 2. Thus, because the appellant was on notice of the correct burden of proof and we have applied that burden in considering the issue herein, we find this error to be harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to the appellant's substantive rights provides no basis for reversing an initial decision).

¶9        On review, the appellant asserts that he filed a complaint with OSC, but the "file" was "returned" to him. PFR File, Tab 1 at 1. He submits one page of what seems to be a multi-page letter, dated June 26, 2015, that was addressed to the Office of Inspector General, OSC, and the Board's Atlanta Regional Office. *Id.* at 11. The "subject" of the letter is labeled "Whistleblower Protection [A]ct," and he alleges therein that the agency engaged in, among other things, an abuse of power, a denial of due process, and a denial of the rule of law. *Id.*

¶10        The appellant's June 26, 2015 letter was available prior to the close of record below. However, because his letter may be relevant to the issue of Board jurisdiction, a matter that may be raised at any time, *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016), we have considered it. We find that the page of the letter the appellant provided is insufficient to prove OSC exhaustion because it does not identify any alleged disclosures or the termination of the DAR authorization; instead, it only contains conclusory allegations of agency

wrongdoing. *See Lewis v. Department of Army*, 58 M.S.P.R. 325, 332 (1993) (Whistleblower Protection Act requires that complaint seeking corrective action from the Special Counsel state both the "personnel action" and the "disclosure of information" at issue); *see also Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993) (holding that the test of the sufficiency of an employee's charges of whistleblowing to OSC is the statement that he makes in the complaint requesting corrective action, not his post hoc characterization of those statements). Accordingly, we find that the letter did not provide OSC with information sufficient to pursue an investigation into any allegation that the agency had taken any retaliatory personnel action against the appellant. Because the appellant's letter is insufficient to prove OSC exhaustion, we find that it does not warrant an outcome different from that in the initial decision.[4] *Miller*, 122 M.S.P.R. 3, ¶ 18.

¶11 The record reflects that, on the same day that the initial decision was issued, the appellant filed a motion for extra time to respond to the agency's motion to dismiss. IAF, Tab 9. Because the appellant is not an e-filer, we presume that he was unaware of the issuance of the initial decision. We have reviewed the appellant's motion, but we find that none of its contents would change the outcome of this matter on review. *See* 5 C.F.R. § 1201.115 (explaining the Board's criteria for granting a petition for review). Accordingly, we deny the appellant's motion.

¶12 The appellant's petition for review also includes a motion to strike the agency's discovery requests. PFR File, Tab 1 at 2, 12. Issues relating to discovery must be raised before the administrative judge or they are precluded on review. *Smith v. Office of Personnel Management*, 31 M.S.P.R. 406, 409-10

[4] The administrative judge alternatively found that the appellant, as a DAR, was not an agency employee or an applicant for employment who could be subjected to a personnel action for purposes of the whistleblower protection statutes. ID at 3. The appellant does not appear to challenge this finding on review. Because we find that the appellant has not proven exhaustion with OSC, we need not address this issue.

(1986). Because it does not appear that the appellant raised this issue before the record closed below, we deny this motion.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.